JENNIE JOSEPH, Appellant, v. ROSE A. ROSEN, Individually and as Executrix, etc., of HARRY B. ROSEN, Deceased, Respondent.

PER CURIAM. We are of the opinion that the court erroneously refused plaintiff an opportunity to show that, at the time of certain alleged conversations between the decedent and the witness William H. Chorosh, the relations between the said Chorosh and decedent were not those of attorney and client, and that the conversations sought to be proven by the plaintiff, had the witness Chorosh been permitted to answer the inquiries propounded to him as to his relations with decedent, might have been entirely competent proof in the case on the trial of the action. We are, furthermore, of the opinion that the court improperly excluded from the evidence the thirty-five checks given by the decedent to the plaintiff, or to her son, which checks were produced by defendant at the trial and, if received, would have constituted some evidence as to performance by decedent in his lifetime of the contract sued upon. For these reasons the judgment appealed from should be reversed and a new trial granted, with costs to appellant to abide event. Present — Dowling, P. J., Merrell, Martin, O'Malley and Proskauer, JJ. Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.

In the Matter of MAX FRIEDMAN, an Attorney.— Reference ordered to Hon. Vernon M. Davis, official referee. Present — Dowling, P. J., Finch, McAvoy, Martin and O'Malley, JJ.

J. FRANKLIN WHITMAN v. ROBERT F. NORTON and Another.— Motion to dismiss appeal granted, with ten dollars costs. Present — Dowling, P. J., Finch, McAvoy, Martin and O'Malley, JJ.